CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile:  (808) 526-0307
E-Mail: honolulaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Dawn Koki

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN KOKI, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| SECURITAS SECURITY SERVICES, USA, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff DAWN KOKI, by and through her attorneys, Michael P. Healy and Charles H. Brower, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1.   Plaintiff DAWN KOKI (hereinafter "KOKI") is and was at all times mentioned herein a resident of Honolulu, and citizen of the State of Hawaii.

2.   Defendant SECURITAS SECURITY SERVICES, USA, INC., (hereinafter "SECURITAS") is a foreign profit corporation, incorporated in the State of Delaware, and doing business in the State of Hawaii.

3.   Plaintiff was hired by Defendant SECURITAS on January 26, 2007, as a Traffic Control Officer.

4.   Since October 15, 2013, Plaintiff was subjected to sexual harassment by Defendant SECURITAS' Lieutenant, Benton Akina (hereinafter "AKINA").

## JURISDICTION

5.   The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

6.   The administrative prerequisites for filing this cause of action have been fulfilled. On January 17, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). A Dismissal and Notice of Rights was issued by the EEOC on March 27, 2018.

## STATEMENT OF FACTS

7. On January 17, 2017, Plaintiff filed a Charge of Discrimination with the EEOC alleging sex discrimination and retaliation.

8. Plaintiff was hired by Defendant SECURITAS on January 26, 2007.

9. Since October 15, 2013, Plaintiff was subjected to sexual harassment by Defendant SECURITAS' Lieutenant, Benton Akina (hereinafter "AKINA"). Plaintiff reported the sexual harassment but nothing was done by management to stop the harassment.

10. Plaintiff complained about the aforesaid sexual harassment by the male Lieutenant to Defendant SECURITAS' Administrator Harold Scroggins (hereinafter "SCROGGINS"), who indicated that he had previously told AKINA to stay away from Plaintiff.

11. On October 12, 2015, Major Bruce Mossman (hereinafter "MOSSMAN") commented that someone made hostile work environment complaints, and that if people wanted to complain of hostile work environment then he would provide a hostile work environment.

12. On November 24, 2015, Plaintiff was affected by a medical condition and asked to go home. MOSSMAN refused Plaintiff's request. The night prior though, MOSSMAN allowed two other employees to go home early due to medical issues.

13. On December 4, 2015, Plaintiff submitted written complaints to SCROGGINS. Defendant SECURITAS failed to address Plaintiff's concerns.

3

14. On December 9, 2015, SCROGGINS accused Plaintiff of not doing her job and being off her post, and believing a male co-worker's statement of accusations over Plaintiff's.

15. On December 21, 2015, AKINA was placed in Plaintiff's work area. On the same day, Plaintiff had submitted a written complaint to Human Resources about his sexual harassment, who failed to address Plaintiff's concerns.

16. On April 19, 2016, Plaintiff was given additional disciplinary actions of one verbal and two written warnings for an incident that took place on March 31, 2016, in which a verbal warning was issued, signed, and witnessed by the Union Representative.

17. On May 12, 2016, Defendant SECURITAS' Captain A.J. Youseff (hereinafter "YOUSEFF") attempted to serve Plaintiff with disciplinary action for an incident that took place on May 1, 2016.

18. On May 23, 2016, AKINA falsely accused Plaintiff of doing union business at work.

19. On June 12, 2016, Plaintiff was removed from her regularly assigned posts for no reason.

20. On July 12, 2016, Plaintiff noticed that there was constant monitoring of her whereabouts and activities with regards to the May 23, 2016, accusation of doing union business at work.

21.   On November 21, 2016, Plaintiff was informed by YOUSEFF that SCROGGINS was personally monitoring her activity at work for no reason.

22.   Plaintiff had recently asked MOSSMAN to be assigned to the Bike Unit again, but MOSSMAN refused by making reference to her performance.

23.   Plaintiff is fully capable of doing her job and has done her job satisfactorily.

24.   If not for Plaintiff's female sex and in retaliation for complaining about sexual harassment and discrimination, Plaintiff would not have been subjected to harassment by Defendant SECURITAS.

STATEMENT OF CLAIMS

COUNT I - DISCRIMINATION

25.   Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

26.   Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to sex (female) and based on retaliation for complaining of the discrimination pursuant to 42 U.S.C. § 12203.

27.   The aforesaid acts and/or conduct of Defendant and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title of the Civil Rights Act of 1964, as amended.

5

28.  Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

29.  As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

30.  As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II – RETALIATION

31.  Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

32.  The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of 42 U.S.C. § 12203, for which Plaintiff is entitled to an award of damages to be proven at trial.

6

## COUNT III

## WHISTLEBLOWER'S PROTECTION ACT

33. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

34. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of discrimination for which Plaintiff is entitled to an award of damages to be proven at trial.

35. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## COUNT IV

## HOSTILE WORK ENVIRONMENT

36. Plaintiff repeats and realleges all prior allegations as if set further fully herein.

37. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination for which he is entitled to an award of all damages to which he is entitled in an amount to be proven at trial.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.   For reinstatement to employment with Defendant with all benefits reinstated; and

7

B.    For all damages to which Plaintiff is entitled, including general

damages and other damages to be proven at trial; and

C.    For special damages, including back pay, front pay and other

expenses; and

D.    For damages for intentional infliction of emotional distress; and

E.    For punitive damages; and

F.    For attorney's fees, costs, and interest, including prejudgment

interest; and

G.    For such other and further relief as is appropriate.

DATED:  Honolulu, Hawaii, June 25, 2018.


/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Dawn Koki